UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>DANNY HAILEY,<br>　　　　Defendant. | Case No. 01-cr-00128-JL-1   (WHO)<br><br>**ORDER DENYING MOTION TO EXPUNGE**<br>Re: Dkt. No. 26 |

Defendant Danny Hailey has served in the United States Army for the last eighteen years and currently holds the rank of First Sergeant with a secret-level security clearance. Mot. ¶ 2. In anticipation of his retirement from the Army and search for civilian employment, he seeks to expunge a 2001 misdemeanor conviction that arose from an altercation with his wife. Since his conviction, Hailey has completed two tours of duty in Iraq in 2003 and 2005, as well as tours in Korea and Japan. *Id.* He remains married to his wife, and they have participated in counseling together. Mot. ¶ 3. Despite those equitable reasons in favor of expungement, this Court does not have authority through statute or ancillary jurisdiction to expunge Hailey's record. Accordingly, the motion is DENIED.

**BACKGROUND**

In March 2001, Hailey was charged on two counts, including (i) willful infliction of corporal injury on a co-habitant in violation of Title 18, United States Code, Section 13, assimilating California Penal Code Section 273.5, and (ii) assaulting a United States Park Police officer under Title 18 U.S.C. Section 111(a)(1), a class A misdemeanor. Opp., Attach. B (Dkt. No. 26-2). In April 2001, the United States Attorney made a superseding charge against Hailey

1  for one count of interfering with agency functions, in violation of Title 36 C.F.R. § 1002.32(a)(1),
2  a class B misdemeanor. Opp., Attach. C (Dkt. No. 26-3). The first two counts were dismissed and
3  Hailey was sentenced on the superseding charge to three years of probation, participation in
4  mental health treatment, and a special assessment of ten dollars.[1]

## LEGAL STANDARD

A motion to expunge criminal records is a request that the court "destroy or seal the records of the fact of the defendant's conviction." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). An expungement does not necessarily indicate that the defendant was innocent of the crime for which he was convicted. *Id.* It is distinct from an appeal that the judgment be modified or revoked, which must be made within the time allowed. *United States v. Sumner*, 226 F.3d 1005, 1013 (9th Cir. 2000); *see also United States v. Villapudua-Perada*, 896 F.2d 1154, 1156 (9th Cir. 1990). The control over time to appeal "is a jurisdictional limitation upon the powers of the district court." *Sumner*, 226 F.3d at 1013.

District courts have the power to expunge criminal records in some circumstances through federal statutes or inherent authority. *Id.*, at 792. Federal statutes empower courts to expunge records under the Constitution, the Civil Rights Act, a writ of habeas corpus, coram noblis, or audita querela to correct an unlawful conviction, and other provisions for addressing inaccuracies in the record. *Sumner*, 226 F.3d at 1009, 1012 (finding that the defendant did not qualify to have his conviction expunged under the Federal Youth Corrections Act because he had not met the statutory elements of either his discharge from probation or an official's oversight that caused him not to be discharged).

Beyond federal statutes, district courts have "inherent authority to expunge criminal records in appropriate and extraordinary cases." *Crowell*, 374 F.3d at 793. The courts' ancillary jurisdiction is limited to correcting a clerical error or removing the official record of an unlawful arrest or conviction. *Id.*; *Sumner*, 226 F.3d at 1014. Courts do not have the authority to expunge

---

[1] The government states that the sentence is attached as D to the Opposition, but it is not. Nevertheless, the parties do not dispute the terms of the sentence, which the docket corroborates.

the "record of a valid arrest and conviction solely for equitable considerations." *Sumner*, 226 F.3d at 1014.

## DISCUSSION

The equitable reasons for expungement notwithstanding, Hailey has not shown any legally permissible grounds to expunge his criminal record. First, the time to appeal the judgment has passed. *Villapudua-Perada*, 896 F.2d at 1156. Under Federal Rule of Appellate Procedure 4(b), a defendant must appeal his conviction within fourteen days, and Hailey's conviction occurred almost thirteen years ago. *See* Fed. R. App. 4(b). Second, Hailey does not argue and it does not appear that he is entitled to relief under any statute. Third, Hailey does not allege a clerical error or unlawful arrest or conviction that would allow this court to expunge his conviction under its ancillary jurisdiction. *See Crowell*, 374 F.3d at 793; *Sumner* 226 F.3d at 1014.

Hailey's appeal for expungement on equitable grounds alone is beyond the jurisdiction of a district court in the Ninth Circuit. In a unanimous 1994 decision, the Supreme Court limited federal courts' ancillary jurisdiction to two situations: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (citation and internal quotation marks omitted). The Ninth Circuit interpreted this holding to bar district courts from expunging a valid arrest and conviction on equitable grounds alone, reasoning that "reward[ing] a defendant's rehabilitation and commendable post-conviction conduct does not serve any of those goals [identified in *Kokkonen*]." *Sumner*, 226 F.3d at 1014.[2] Therefore,

---

[2] Circuit Courts have disagreed about whether *Kokkonen* precludes district courts from exercising ancillary jurisdiction over an expungement motion where neither error nor invalidity is alleged. *See, e.g., United States v. Flowers*, 389 F.3d 737, 739-40 (7th Cir. 2004) ("The test for the expungement of judicial records is a balancing test: if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate."); *but see, e.g., United States v. Coloian*, 480 F.3d 47, 50-52 (1st Cir. 2007) ("We agree with the Third, Eighth, and Ninth Circuits . . . . *Kokkonen* forecloses any ancillary jurisdiction to order expungement based on [the defendant's] proffered equitable reasons"). I am bound by the Ninth Circuit's interpretation of *Kokkonen*.

1 Hailey's arguments that he has served his country, improved his marriage, and fears his conviction
2 could jeopardize future employment options are unavailing. *See Sumner*, 226 F.3d at 1007-08;
3 Mot. ¶ 5.
4      Even before *Sumner*, courts in this Circuit found that the anticipated difficulty finding
5 employment was an insufficient reason to expunge. *See, e.g., United States v. Vasquez*, 74 F.
6 Supp. 2d 964, 968 (S.D. Cal. 1999) (holding "reluctantly" that difficulty maintaining and
7 obtaining employment due to a misdemeanor conviction is not sufficient to authorize the court to
8 expunge the criminal record). In light of *Sumner*, I cannot reach this issue.

## CONCLUSION

10      Since I lack authority to expunge defendant's criminal record, defendant's motion to
11 expunge is DENIED.
12      **IT IS SO ORDERED**.
13 Dated: June 19, 2014



WILLIAM H. ORRICK
United States District Judge